UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| HOMESITE INSURANCE COMPANY, et al., | Case No.  25-cv-02626-AGT |
| Plaintiffs, | **DISCOVERY AND SEALING ORDER** |
| v. | Re: Dkt. Nos. 68, 75, 80, 81 |
| NEWPORT GROUP HOLDINGS, L.P., et al., | |
| Defendants. | |

The parties dispute whether plaintiffs Homesite Insurance Company, Argonaut Insurance Company, and Ironshore Indemnity Inc. (collectively, the Insurers) must produce group communications sent from December 3, 3024, to February 3, 2025. Dkt. 68. The Insurers claim that the common interest doctrine shields these communications. *Id.* at 4–6. Defendants Newport Group Holdings, L.P. and Newport Group, Inc. (together, Newport) disagree. *Id.* at 2–4. The Court ordered further briefing, and the parties all timely responded. Dkts. 74 & 80.[1] The Court now grants in part and denies in part Newport's requests for production of communications between the Insurers prior to February 3, 2025, and for communications including non-parties Columbia Casualty Company (CNA) and/or AXA XL.[2]

* * *

Disclosure between parties doesn't waive privilege where the common interest doctrine applies. *Citizens for Ceres v. Superior Court*, 159 Cal. Rptr. 3d 789, 805 (Cal. Ct. App.

---

[1] Non-party Indian Harbor Insurance Company, which the plaintiffs identify as AXA XL, dkt. 74 at 1–2, also filed a response. Dkt. 77.

[2] CNA is Newport's primary insurer. Dkt. 68 at 3; dkt. 74 at 1. AXA XL is Newport's first layer excess insurer. Dkt. 68 at 3; dkt. 74 at 1. The plaintiff Insurers here comprise the remainder of Newport's excess insurers. Dkt. 1 ¶¶ 37–40.

2013).[3, 4] "[F]or the common interest doctrine to attach, most courts seem to insist that the two parties have in common an interest in securing legal advice related to the same matter — and that the communications be made to advance their shared interest in securing legal advice on that common matter." *OXY Res. California LLC v. Superior Ct.*, 9 Cal. Rptr. 3d 621, 636–7 (Cal. Ct. App. 2004), *as modified* (Mar. 4, 2004) (cleaned up). Where communications "relat[e] to the resolution of a coverage-related dispute between the parties, but do not involve matters of common interest," a court may find them unprotected and discoverable. *Am. Alternative Ins. Corp. v. Coyne*, No. 14-CV-01483-JSW(DMR), 2015 WL 3863172, at *5–6 (N.D. Cal. June 19, 2015) (applying California law).

The Court finds that the Insurers shared a common interest at the time of these communications. According to the Insurers, their common interest was obtaining legal advice regarding CNA's Primary Policy Prior Acts Exclusion provision in connection with an underlying lawsuit and Newport's demand for coverage. Dkt. 68 at 5. They sought advice on the same policy, same claim, and same dispute with Newport. *Id.* So, it's not material that they made their own determinations. *Id. See also* dkt. 74 at 3.

Newport responds that the Insurers took different positions during the period at issue. Dkt. 68 at 3. *See also* dkt. 80 at 2–3. But Newport doesn't show why this is material, or cite

---

[3] A party seeking the shelter of the common interest doctrine must first show that a privilege applies. *See Lennar Mare Island, LLC v. Steadfast Ins. Co.*, No. 12-CV-2182, 2014 WL 1366252, at *5–6 (E.D. Cal. Apr. 7, 2014). The Insurers argue that these documents are protected by either attorney-client privilege or the work-product doctrine. Dkt. 68 at 4. Newport doesn't challenge this. Since the Insurers don't argue with any specificity what privilege applies to which document, the number of communications implicated, or whether a privilege log was generated, the Court ordered the Insurers to produce privilege logs for the documents. Dkt. 70. The Insurers complied. Dkt. 74 (unsealed) & 75 (provisionally filed under seal). After review of the logs, the Court is satisfied that the materials are privileged in the first instance.

[4] In this diversity case, the Court applies California's privilege law. *See* Fed. R. Evid. 501.

any cases showing that in order to have a joint defense, the Insurers must be in lockstep.

Next, Newport argues that a joint commercial interest is insufficient. Dkt. 80 at 3. That may be true, but it's not dispositive here where the Insurers' joint legal interest is in the interpretation of a provision of an insurance policy. That interpretation might result in commercial impacts, but at its core, contract interpretation is a legal inquiry.

The Court is not persuaded, however, that CNA shared a legal interest with the Insurers or AXA XL. CNA is the primacy insurer, not an excess insurer. It is therefore positioned differently to the primacy policy than the Insurers. Furthermore, the Insurers argue that a written agreement is not required but assert that they have one in connection with this matter. Dkt. 68 at 6. They subsequently filed that agreement. Dkt. 74-2. It was signed by the plaintiff Insurers and non-party Indian Harbor Insurance Company (Indian Harbor).[5] *Id.* CNA did not sign. Indian Harbor signed on April 24, 2025. Dkt. 74-2. The agreement, then, doesn't support extension of the common interest doctrine to CNA.

For the foregoing reasons, the Insurers must produce any communications including non-party CNA within fourteen days of the date of this order. They need not produce communications including only themselves and/or AXA XL.

\* \* \*

The Insurers move to seal their privilege logs. Dkt. 75. They argue that they have moved to keep the subject documents confidential in this dispute. Filing the logs publicly would be akin to granting Newport's requested relief. *Id.* at 7. But the Insurers also represent that they provided the logs to Newport on April 17, 2026, *id.* at 6, rendering their argument

---

[5] Again, the Insurers identify Indian Harbor as AXA XL. Dkt. 74 at 2. Newport doesn't dispute that.

3

to seal unpersuasive. And the Insurers don't provide any other justification for keeping the logs out of public view. So, the request to seal the privilege logs in whole is denied. Instead, the Insurers are ordered to refile the logs on the public docket by May 19, 2026. *See* Civil L.R. 79-5(g)(2).

Newport, the filing party, moves to seal materials on behalf of Argonaut Insurance Company (Argonaut), the designating party. Dkt. 81. Argonaut needed to file a statement of the applicable legal standard and the reasons for keeping the materials under seal within seven days of the filing of Newport's filing. *See* Civil L.R. 79-5(c)(1) & (f)(3). It's been more than seven days since the materials were filed on April 24, 2026, and Argonaut has not filed such a statement. Accordingly, Argonaut is ordered to provide such a statement by May 19, 2026. Failure to do so may result in the unsealing of the materials. *See* Civil L.R. 79-5(f)(3).

* * *

To recap, the Insurers must produce communications including non-party CNA within fourteen days of this order. The Insurers are further ordered to refile their privilege logs on the public docket by May 19, 2026. Argonaut is ordered to provide a statement compliant with Civil Local Rule 79-5 by May 19, 2026.

This order dispenses with dkts. 68, 75, 80, and 81.

**IT IS SO ORDERED.**

Dated: May 12, 2026

Alex G. Tse
United States Magistrate Judge